Edward R. Nelson III (*Pro Hac Vice to be submitted*)
Texas Bar No. 00797142
Christopher G. Granaghan (*Pro Hac Vice to be submitted*)
Texas Bar No. 24078585
Carder W. Brooks (*Pro Hac Vice to be submitted*)
Texas Bar No. 24105536
Jinming Zhang (*Pro Hac Vice to be submitted*)
Virginia Bar. No. 96210
ed@nelbum.com
chris@nelbum.com
carder@nelbum.com
jinming@nelbum.com
**NELSON BUMGARDNER CONROY P.C.**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

Ryan E. Hatch (SBN 235577)
ryan@hatchlaw.com
**HATCH LAW, PC**
13323 W. Washington Blvd., Suite 302
Los Angeles, CA 90066
Tel: 310-279-5079
Fax: 310-693-5328

**Attorneys for Plaintiff**
**ECOSAFE PACKAGING, LLC**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ECOSAFE PACKAGING, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>INTERNATIONAL SOURCING & MANUFACTURING D/B/A THE PACKAGING COMPANY,<br><br>*Defendant*. | CASE NO. 2:25-cv-10236<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EcoSafe Packaging, LLC ("EcoSafe") files this Complaint against International Manufacturing & Sourcing d/b/a The Packaging Company ("TPC") for infringement of U.S. Patent Nos. 10,513,375 ("the '375 patent"), 11,040,808 ("the '808 patent"), and 11,492,182 ("the '182 patent"). The '375 patent, '808 patent, and '182 patent are referred to collectively as the "patents-in-suit."

## THE PARTIES

1. Plaintiff EcoSafe is a limited liability company organized under the laws of Texas with its principal place of business at 6900 Dallas Parkway, Floor 3, Plano, Texas 75024.

2. On information and belief, Defendant TPC is a company organized under the laws of California, and its headquarters is located in this District at 2310 East 4th Street, Long Beach, California 90814. TPC may be served with process through its registered agent, Michael Edward Salemi, at 2310 East 4th Street, Long Beach, California 90814.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over patent actions).

4. TPC is subject to personal jurisdiction in this Court due at least to its substantial business in this State and District, including: (1) its organization under the laws of this State and its headquarters in this District, (2) its performance of infringing acts in this State and District; and (3) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to residents of this State and District.

5. Specifically, TPC develops, designs, makes, distributes, markets, offers to sell, sells, and/or imports infringing products and services within, and to, the United States, the State of California, and this District via its sole physical location in Long Beach, California.[1]

6. Such infringing products (collectively, the "Accused Products") include TPC's "CR Round

---

[1] *See* The Packaging Company LinkedIn, https://www.linkedin.com/company/the-packaging-company/about/ (last accessed October 24, 2025); About The Packaging Company, https://www.thepkgco.com/about/ (last accessed October 24, 2025).

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT     1     CASE NO: 2:25-cv-10236

Tin Jars,"[2] as well as any and all similar child resistant containers. The Accused Products have been, and continue to be, distributed to this District at least in connection with TPC's website (thepkgco.com) and its Long Beach, California location. TPC's infringing activities have caused harm to EcoSafe in this District.

7.   Venue is proper in this District under 28 U.S.C. § 1400(b). TPC resides in this District, has committed acts of infringement in this District, and maintains a regular and established place of business in this District.

## THE PATENTS-IN-SUIT

8.   EcoSafe is the exclusive licensee of, and has all substantial rights to, the patents-in-suit and holds the exclusive right to take all actions necessary to enforce its rights in and to the patents-in-suit, including the filing of this patent infringement action. EcoSafe also has the right to recover all damages for past, present, and future infringements of the patents-in-suit and to seek injunctive relief as appropriate under the law.

9.   The '375 patent is entitled "Metal Child Resistant Container." The '375 patent lawfully issued on December 24, 2019 and stems from U.S. Pat. App. No. 16/381,904, filed on April 11, 2019, which was a continuation-in-part of both U.S. Pat. App. No. 15/951,482 filed on April 12, 2018, and U.S. Pat. App. No. 16/011,267 filed on June 18, 2018. A copy of the '375 patent is attached hereto as Exhibit 1.

10.  The '808 patent is entitled "Metal Child Resistant Container." The '808 patent lawfully issued on June 22, 2021 and stems from U.S. Pat. App. No. 16/011,267, filed on June 18, 2018, which is a continuation-in-part of U.S. Pat. App. No. 15/951,482 filed on April 12, 2018. A copy of the '808 patent is attached hereto as Exhibit 2.

11.  The '182 patent is entitled "Child Resistant Container." The '182 patent lawfully issued on November 8, 2022 and stems from U.S. Pat. App. No. 16/726,152, filed on December 23, 2019, which is a continuation-in-part of U.S. Pat. App. No. 16/381,904 filed on April 11, 2019, U.S. Pat. App. No. 16/011,267 filed on June 18, 2018, and U.S. Pat. App. No. 15/951,482 filed on April 12, 2018. A copy of the '182 patent is attached hereto as Exhibit 3.

## TPC'S KNOWLEDGE OF ITS INFRINGEMENTS

---

[2] *See* CR Round Tin Jar, https://www.thepkgco.com/product/cr-round-tin-jar/ (last accessed October 24, 2025).

12.     The patents-in-suit were invented and developed by Nicholas Karll, owner of Eco Packaging Solutions, a California company in the business of providing sustainable packaging for the cannabis industry. Eco Packaging Solutions is a licensee to the patents-in-suit. Under its brand, "Tin Canna," Eco Packaging Solutions markets a "Patented 100% Recyclable Single Source Child Resistant Solution" that is covered by, and marked with, the patents-in-suit.[3] Plaintiff EcoSafe has taken reasonable steps to ensure Eco Packaging Solutions' compliance with § 287(a) and has otherwise complied with the marking requirements of 35 U.S.C. § 287(a).

13.     In early-to-mid 2023, personnel for Eco Packaging Solutions encountered TPC's Michael Salemi at a conference and informed him that TPC's child-resistant round tins infringed the patents-in-suit. Thereafter, on July 6, 2023, Mr. Salemi sent a message to Eco Packaging Solutions via the contact form on its website, stating: "Interested in Licensing your patent." Eco Packaging Solutions responded on July 7, 2023 to schedule a time to discuss Mr. Salemi's message. Mr. Salemi responded that same day with his availability, and Eco Packaging Solutions messaged back on July 10, 2023 to finalize a meeting time. Mr. Salemi did not respond. Eco Packaging Solutions followed up with Mr. Salemi again on May 14, 2024 in an effort to engage in discussions. Again, TPC was silent. Nevertheless, TPC was aware in early-to-mid 2023 of the patents-in-suit, TPC's infringements of the patents-in-suit, and its need for a license. At the very least, TPC demonstrated its awareness of the patents-in-suit and its infringements on July 7, 2023 when TPC's Mr. Salemi reached out to Eco Packaging Solutions about licensing. Despite notice to TPC, it has continued manufacturing and selling infringing products without authority.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,513,375

14.     This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

15.     EcoSafe is the exclusive licensee of the '375 patent with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements.

16.     The '375 patent is valid and enforceable and was duly issued in full compliance with Title

---

[3] *See* Tin Canna, https://tin-canna.com/; Patents, https://tin-canna.com/patents/ (last accessed October 24, 2025).

35 of the United States Code.

***Direct Infringement (35 U.S.C. § 271(a))***

17. TPC has directly infringed, and continues to directly infringe, one or more claims of the '375 patent in this District and elsewhere in California and the United States.

18. Specifically, TPC has infringed and continues to infringe, either by itself or via its agents, at least claims 1-3, 5-7, 9, 11-14, and 17-19 of the '375 patent by, among other things, making, offering to sell, selling, importing, and/or using the Accused Products.

19. The Accused Products meet all limitations of claims 1-3, 5-7, 9, 11-14, and 17-19 of the '375 patent, as detailed in Exhibit 4.

20. TPC is liable for its direct infringements of the '375 patent pursuant to 35 U.S.C. § 271.

***Indirect Infringement (Inducement – 35 U.S.C. § 271(b))***

21. In addition to and/or in the alternative to its direct infringements, TPC has indirectly infringed and continues to indirectly infringe one or more claims of the '375 patent by inducing direct infringement by its partners, distributors, customers, and end users.

22. TPC has had knowledge of the '375 patent and its infringements since 2023. At the very least, TPC has had knowledge of the '375 patent and its infringements since being served with this Complaint.

23. Despite having knowledge of the '375 patent and its scope, TPC has specifically intended, and continues to specifically intend, for persons (such as TPC's partners, distributors, customers, and end users) to offer for sale, sell, import, and/or use the Accused Products, which infringe at least claims 1-3, 5-7, 9, 11-14, and 17-19 of the '375 patent as set forth in Exhibit 4. For example, TPC provides its partners, distributors, and customers with Accused Products for distribution and/or resale, and it instructs and encourages its partners, distributors, and customers to package their own goods in the Accused Products for sale to consumers.[4] TPC knew or should have known that its actions have induced, and continue to induce, such infringements.

***Indirect Infringement (Contributory – 35 U.S.C. § 271(c))***

24. In addition to and/or in the alternative to its direct infringements, TPC has indirectly

---

[4] CR Round Tin Jar, https://www.thepkgco.com/product/cr-round-tin-jar/ (last accessed October 24, 2025).

infringed and continues to indirectly infringe one or more claims of the '375 patent by contributing to direct infringements by its partners, distributors, customers, and end users.

25. TPC has had knowledge of the '375 patent and its infringements since 2023. At the very least, TPC has had knowledge of the '375 patent and its infringements since being served with this Complaint.

26. Despite having knowledge of the '375 patent and its scope, TPC has made, sold, offered for sale, and/or imported into the United States Accused Products that constitute the material part of the inventions claimed in the '375 patent, including at least claims 1-3, 5-7, 9, 11-14, and 17-19, as set forth in Exhibit 4. The Accused Products are especially made or especially adapted for use in infringing the asserted claims, and they are not staple articles or commodities of commerce suitable for substantial non-infringing use.

27. With knowledge of the '375 patent and the infringing nature of the Accused Products, TPC has supplied, and continues to supply, Accused Products to its partners, distributors, customers, and end users for use in practicing the claimed inventions of the '375 patent. For example, TPC supplies them with the Accused Products for distribution and/or resale and instructs and encourages such partners, distributors, and customers to package goods in the Accused Products in a manner that practices the asserted claims, as set forth in Exhibit 4.[5] TPC knew, or was willfully blind to the fact, that the Accused Products are especially made or adapted for use in infringement of the '375 patent and that the Accused Products are not suitable for substantial non-infringing use.

**Damages**

28. EcoSafe has been damaged by TPC's infringing conduct described in this Count. TPC is, thus, liable to EcoSafe in an amount that adequately compensates it for TPC's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29. Despite having knowledge of the '375 patent, and knowledge that it is directly and/or indirectly infringing claims of the '375 patent, TPC has nevertheless continued its infringing conduct in an

---

[5] *Id*.

egregious manner. TPC knew of the '375 patent and its scope, yet continued to use, manufacture, import, offer for sale, and sell infringing products. At the very least, TPC was willfully blind to the '375 patent and its application to the Accused Products. For at least these reasons, TPC's infringing activities have been, and continue to be, willful, wanton, and deliberate in disregard of EcoSafe's rights with respect to the '375 patent, justifying enhanced damages under 35 U.S.C. § 284.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 11,040,808

30. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

31. EcoSafe is the exclusive licensee of the '808 patent with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements.

32. The '808 patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

*Direct Infringement (35 U.S.C. § 271(a))*

33. TPC has directly infringed, and continues to directly infringe, one or more claims of the '808 patent in this District and elsewhere in California and the United States.

34. Specifically, TPC has infringed, and continues to infringe, either by itself or via its agents, at least claims 20, 21, 23, 25, 29, 31, and 32 of the '808 patent by, among other things, making, offering to sell, selling, importing, and/or using the Accused Products.

35. The Accused Products meet all limitations of claims 20, 21, 23, 25, 29, 31, and 32 of the '808 patent, as detailed in Exhibit 5.

36. TPC is liable for its direct infringements of the '808 patent pursuant to 35 U.S.C. § 271.

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

37. In addition to and/or in the alternative to its direct infringements, TPC has indirectly infringed and continues to indirectly infringe one or more claims of the '808 patent by inducing direct infringement by its partners, distributors, customers and end users.

38. TPC has had knowledge of the '808 patent and its infringements since 2023. At the very least, TPC has had knowledge of the '808 patent and its infringements since being served with this

Complaint.

39. Despite having knowledge of the '808 patent and its scope, TPC has specifically intended, and continues to specifically intend, for persons (such as TPC's partners, distributors, customers, and end users) to offer for sale, sell, import, and use the Accused Products, which infringe at least claims 20, 21, 23, 25, 29, 31, and 32 the '808 patent, as set forth in Exhibit 5. For example, TPC provides its partners, distributors, and customers with the Accused Products for distribution and/or resale and instructs and encourages its partners/customers to package their own goods in the Accused Products for sale to consumers.[6] TPC knew or should have known that its actions have induced, and continue to induce, such infringements.

*Indirect Infringement (Contributory – 35 U.S.C. § 271(c))*

40. In addition to and/or in the alternative to its direct infringements, TPC has indirectly infringed and continues to indirectly infringe one or more claims of the '808 patent by contributing to direct infringements by its partners, distributors, customers and end users.

41. As detailed above, TPC has had knowledge of the '808 patent and its infringements since 2023. At the very least, TPC has had knowledge of the '808 patent and its infringements since being served with this Complaint.

42. Despite having knowledge of the '808 patent and its scope, TPC has sold, offered for sale, and/or imported into the United States the Accused Products that constitute the material part of the inventions claimed in the '808 patent, including at least claims 20, 21, 23, 25, 29, 31, and 32, as set forth in Exhibit 5. The Accused Products are especially made or especially adapted for use in infringing the asserted claims, and they are not staple articles or commodities of commerce suitable for substantial non-infringing use.

43. With knowledge of the '808 patent and the infringing nature of the Accused Products, TPC has supplied and continues to supply the Accused Products to its partners, distributors, customers, and end users for use in practicing the claimed inventions of the '808 patent. For example, TPC supplies its partners, distributors, and customers with Accused Products for distribution and/or resale and instructs and encourages them to package goods in the Accused Products in a manner that practices the asserted claims,

---

[6] *Id.*

as set forth in Exhibit 5.[7] TPC knew, or was willfully blind to the fact, that the Accused Products are especially made or adapted for use in infringement of the '808 patent and that the Accused Products are not suitable for substantial non-infringing use.

**Damages**

44. EcoSafe has been damaged by TPC's infringing conduct described in this Count. TPC is, thus, liable to EcoSafe in an amount that adequately compensates it for TPC's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

45. Despite having knowledge of the '808 patent, and knowledge that it is directly and/or indirectly infringing claims of the '808 patent, TPC has nevertheless continued its infringing conduct in an egregious manner. TPC knew of the '808 patent and its scope, yet continued to use, manufacture, import, offer for sale, and sell infringing products. At the very least, TPC was willfully blind to the '808 patent and its application to the Accused Products. For at least these reasons, TPC's infringing activities have been, and continue to be, willful, wanton, and deliberate in disregard of EcoSafe's rights with respect to the '808 patent, justifying enhanced damages under 35 U.S.C. § 284.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 11,492,182

46. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

47. EcoSafe is the exclusive licensee of the '182 patent with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements.

48. The '182 patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**Direct Infringement (35 U.S.C. § 271(a))**

49. TPC has directly infringed, and continues to directly infringe, one or more claims of the '182 patent in this District and elsewhere in California and the United States.

50. Specifically, TPC has infringed and continues to infringe, either by itself or via its agents,

---

[7] *Id*.

1  at least claims 1-4, 6, 7, 9-11, 13-16, 19, and 20 of the '182 patent by, among other things, making, offering
2  to sell, selling, importing, and/or using the Accused Products.
3       51.    The Accused Products meet all limitations of claims 1-4, 6, 7, 9-11, 13-16, 19, and 20 of
4  the '182 patent, as detailed in Exhibit 6.
5       52.    TPC is liable for its direct infringements of the '182 patent pursuant to 35 U.S.C. § 271.

**Indirect Infringement (Inducement – 35 U.S.C. § 271(b))**

7       53.    In addition to and/or in the alternative to its direct infringements, TPC has indirectly
8  infringed and continues to indirectly infringe one or more claims of the '182 patent by inducing direct
9  infringement by its partners, distributors, customers, and end users.
10      54.    TPC has had knowledge of the '182 patent and its infringements since 2023. At the very
11 least, TPC has had knowledge of the '182 patent and its infringements since being served with this
12 Complaint.
13      55.    Despite having knowledge of the '182 patent and its scope, TPC has specifically intended,
14 and continues to specifically intend, for persons (such as TPC's partners, distributors, customers, and end
15 users) to offer for sale, sell, import, and use the Accused Products, which infringe at least claims 1-4, 6, 7,
16 9-11, 13-16, 19, and 20 the '182 patent, as set forth in Exhibit 6. For example, TPC provides its partners,
17 distributors, and customers with the Accused Products for distribution and/or resale and instructs and
18 encourages them to package their own goods in the Accused Products for sale to consumers.[8] TPC knew
19 or should have known that its actions have induced, and continue to induce, such infringements.

**Indirect Infringement (Contributory – 35 U.S.C. § 271(c))**

21      56.    In addition to and/or in the alternative to its direct infringements, TPC has indirectly
22 infringed and continues to indirectly infringe one or more claims of the '182 patent by contributing to direct
23 infringements by its partners, distributors, customers, and end users.
24      57.    TPC has had knowledge of the '182 patent and its infringements since 2023. At the very
25 least, TPC has had knowledge of the '182 patent and its infringements since being served with this
26 Complaint.
27      58.    Despite having knowledge of the '182 patent and its scope, TPC has sold, offered for sale,

---

[8] *Id.*

and/or imported into the United States Accused Products that constitute the material part of the inventions claimed in the '182 patent, including at least claims 1-4, 6, 7, 9-11, 13-16, 19, and 20, as set forth in Exhibit 6. The Accused Products are especially made or especially adapted for use in infringing the asserted claims, and they are not staple articles or commodities of commerce suitable for substantial non-infringing use.

59.  With knowledge of the '182 patent and the infringing nature of the Accused Products, TPC has supplied, and continues to supply, Accused Products to its partners, distributors, customers, and end users for use in practicing the claimed inventions of the '182 patent. For example, TPC supplies its partners, distributors, and customers with Accused Products for distribution and/or resale and instructs and encourages them to package goods in the Accused Products in a manner that practices the asserted claims, as set forth in Exhibit 6.[9] TPC knew, or was willfully blind to the fact, that the Accused Products are especially made or adapted for use in infringement of the '182 patent and that the Accused Products are not suitable for substantial non-infringing use.

**Damages**

60.  EcoSafe has been damaged by TPC's infringing conduct described in this Count. TPC is, thus, liable to EcoSafe in an amount that adequately compensates it for TPC's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

61.  Despite having knowledge of the '182 patent, and knowledge that it is directly and/or indirectly infringing claims of the '182 patent, TPC has nevertheless continued its infringing conduct in an egregious manner. TPC knew of the '182 patent and its scope, yet continued to use, manufacture, import, offer for sale and sell infringing products. At the very least, TPC was willfully blind to the '182 patent and its application to the Accused Products. For at least these reasons, TPC's infringing activities have been, and continue to be, willful, wanton, and deliberate in disregard of EcoSafe's rights with respect to the '182 patent, justifying enhanced damages under 35 U.S.C. § 284.

## DEMAND FOR A JURY TRIAL

EcoSafe demands a trial by jury on all issues triable to a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

---

[9] *Id.*

**PRAYER FOR RELIEF**

EcoSafe respectfully requests that this Court enter judgment in its favor and grant the following relief:

(i) Judgment and Order that TPC has directly and/or indirectly infringed one or more claims of each of the patents-in-suit;

(ii) Judgment and Order that TPC must pay EcoSafe past and future damages under 35 U.S.C. § 284, including supplemental damages arising from any continuing, post-verdict infringements for the time between trial and entry of the final judgment, together with an accounting, as needed, under 35 U.S.C. § 284;

(iii) Judgment and Order that TPC must pay EcoSafe reasonable ongoing royalties after Final Judgment;

(iv) Judgment and Order that TPC's infringements of the patents-in-suit have been willful from the time TPC became aware of the infringing nature of its products, and that the Court award treble damages pursuant to 35 U.S.C. § 284;

(v) Judgment and Order that TPC must pay EcoSafe pre-judgment and post-judgment interest on the damages award;

(vi) Judgment and Order that TPC must pay EcoSafe's costs;

(vii) Judgment and Order that the Court find this case exceptional under the provisions of 35 U.S.C. § 285 and, accordingly, order TPC to pay EcoSafe's attorneys' fees; and

(viii) Such other and further relief as the Court may deem just and proper.

Dated: October 24, 2025

Respectfully submitted,

/s/ Ryan E. Hatch

Edward R. Nelson III (*Pro Hac Vice to be submitted*)
Texas Bar No. 00797142
Christopher G. Granaghan (*Pro Hac Vice to be submitted*)
Texas Bar No. 24078585
Carder W. Brooks (*Pro Hac Vice to be submitted*)
Texas Bar No. 24105536
Jinming Zhang (*Pro Hac Vice to be submitted*)
Virginia Bar. No. 96210
ed@nelbum.com
chris@nelbum.com

carder@nelbum.com
jinming@nelbum.com
NELSON BUMGARDNER CONROY P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

Ryan E. Hatch (SBN 235577)
ryan@hatchlaw.com
HATCH LAW, PC
13323 W. Washington Blvd., Suite 302
Los Angeles, CA 90066
Tel: 310-279-5079
Fax: 310-693-5328

**Attorneys for Plaintiff**
**ECOSAFE PACKAGING, LLC**